NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

PETER JURGOWSKY, PETITIONER, v. ATLANTIC IRON AND METAL COMPANY, RESPONDENT.

For the petitioner, *Benjamin M. Cohen.*

For the respondent, *Ellwood F. Kirkman.*

\*      \*      \*      \*      \*      \*      \*

The petitioner was employed by Abraham Shaffron to pack rags on the premises of a factory located in the borough of Woodbine, county of Cape May, and while performing said work the petitioner was injured. The petitioner contends that Abraham Shaffron was an agent of the respondent and acted within the scope of his employment and authority at the time the contract of hiring was made. The respondent urges that Mr. Shaffron was either an independent contractor or a joint adventurer.

The right of the petitioner to recover in this case depends upon the relationship that existed between Mr. Shaffron and the Atlantic Iron and Metal Company. There are four possible relationships that might have existed between the said parties: 1. Master and servant. 2. Partnership. 3. Joint adventurers. 4. Independent contractor.

Should the relationship have been that of agency or partnership the liability of the respondent is not open to doubt. Should the relationship have been that of independent contractor, there is no liability on the respondent. If the relationship was that of a joint adventurer, the liability of the respondent is open, more or less, to question.

Petitioner admits that Mr. Shaffron and the Atlantic Iron and Metal Company were not partners and the court finds that no partnership existed.

The nature of the relationship between two parties can only be determined by an examination of the facts surrounding their negotiations. The relation of principal and agent exists where the employer retains the right to direct the manner in which the business shall be done and as well as the results to be accomplished, or, in other words, not only what shall be done, but how it shall be done. Our appellate courts have sustained that fundamental principal.

In accordance with the respondent's testimony, the respond-

ent was to supply the vehicle and labor for the transportation of the rags from Woodbine to the respondent's premises in Atlantic City. This was not done, and the respondent instructed Mr. Shaffron to arrange for the hauling. In accordance with the instructions, Mr. Shaffron obtained an offer from a drayman and conveyed the offer to the respondent, who directed Mr. Shaffron to engage the drayman at a price agreeable to the respondent and to be paid by the respondent. In order to accomplish the transportation, not only was it necessary to arrange for a vehicle, but it was also necessary to engage labor to assist in the packing of the rags, which was a necessary part and an absolute prerequisite to the transportation. Mr. Shaffron, therefore, engaged the petitioner to pack the rags in order to enable transportation to the premises of the respondent. The costs of the petitioner's labor was advanced by Mr. Shaffron, who was subsequently reimbursed by the respondent.

In determining the relationship between the respondent and Mr. Shaffron, it is necessary to further consider the ownership of the subject-matter of the work; the instrumentalities used, and the manner in which remuneration is made. Samuel Kravit, an officer of the Woodbine Borough Clothing Company, the seller of the rags, received payment from the respondent and passed title to the respondent, which title the respondent accepted. Therefore the ownership of the goods upon which the petitioner worked rested with the respondent.

The respondent furnished the instrumentalities, that is, the vehicle, since the use of the vehicle was paid for by the respondent. The narration of these facts show that at all times the respondent was the master of the situation and that every move was subject to his direction, and that Mr. Shaffron was only the instrument through which the respondent's wish and will were executed, and further that at the time the petitioner was hired, Mr. Shaffron was acting not as an employer, but as an employe of the respondent in the furtherance and in behalf of the respondent's interest.

Mr. Shaffron was to receive as his wage a share of the profits. It is an elementary principle of law and requires

no citation of authority that an agent or a servant may be paid by a portion of the profits.

The fact that the respondent sold the rags at a price agreeable to himself and over which Mr. Shaffron had no voice or control, and further that the selling price was received by the respondent and was by him kept as his own funds, gives further weight to the conclusion that the relationship between Mr. Shaffron and the respondent was that of principal and agent.

A recitation of the facts surrounding the negotiations between Mr. Shaffron and the respondent unconditionally refute the contention urged by the respondent that the legal status of Mr. Shaffron was that of an independent contractor, or a joint adventurer.

The petitioner's duty being merely mechanical, Mr. Shaffron's authority to engage him under the circumstances cannot be questioned. If the respondent was unknown to the petitioner, the respondent's liability would be that of an undisclosed principal. An undisclosed principal is liable for all the acts of his agent done within the scope of the agent's employment. The petitioner is, therefore, the respondent's servant to the same effect as though the respondent personally had engaged him.

The sharing of the profits is urged as being indicative of a joint adventure. That phase of the situation is not all controlling and in view of the surrounding circumstances, carried but slight weight.

The court finds that the petitioner was an employe of the respondent and was acting within the course of his employment at the time he was injured.

It was stipulated by counsel for both petitioner and respondent that the petitioner is entitled to compensation for five weeks on account of temporary disability and ten weeks on account of permanent disability, making a total of fifteen weeks, should the petitioner establish his right to compensation.

\*　　\*　　\*　　\*　　\*　　\*　　\*

W. E. STUBBS,
*Deputy Commissioner.*